HENRY KLAUS v. THE MAYOR AND ALDERMEN OF
JERSEY CITY.

Submitted November 11, 1902—Decided February 24, 1903.

1. When a city is about to change the grade of a street on which a
   building stands, the fact that the owner of the building secures
   such a modification of the proposed change as will result in less
   injury to him does not bar his right to damages for the change
   actually made.
2. Under the circumstances of this case the relator's right to relief
   is not barred by laches.

On application for *mandamus.*

Before Justices DIXON and HENDRICKSON.

For the relator, *Bedle, Edwards & Lawrence.*

For the defendant, *John W. Queen.*

The opinion of the court was delivered by

DIXON, J.    Under an agreement with the Erie Railroad Company, Jersey City lowered the grade of Grove street, at its intersection with Eleventh street, on the corner of which a building of the relator stood.    The work was done in the summer of 1899, and resulted, the relator claims, in damage to his property and the property of adjoining owners.    He therefore asks for a *mandamus* to compel the city authorities to have a proper award made for the damages so caused.    The city resists the application on the ground that the relator assented to the change, and also has been guilty of laches in pursuing his remedy.

What the relator assented to, as shown by the evidence, was a modification of the proposed change, which he thought would result in less damage to his property; but it does not appear that he assented to forego his right to compensation for whatever damage the modified change would cause.

On the question of laches, the case shows that on June 6th, 1899, the board of street and water commissioners referred the matter to the commissioners of assessments to ascertain the damages and benefits resulting from the change of grade, and that the present proceeding was instituted in May, 1902.

Evidently, during a part of the interval, the relator was justified in expecting that the commissioners of assessments would proceed to perform the duty thus devolved upon them, and it does not appear that during the residue of the interval, or indeed at any time, anything occurred which would change the situation to the detriment either of the city or of property owners.    Under these circumstances we think the delay should not bar relief.

These objections being put aside, the case is governed by *Clark* v. *City of Elizabeth, 32 Vroom* 565, and a peremptory *mandamus* should be issued.